IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| DEANDRE SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF LAWRENCE, KANSAS | ) |
| City Hall, 6 East 6th Street | ) |
| Lawrence, KS 66044 | ) |
| | ) **REQUEST FOR JURY TRIAL** |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Deandre Simmons (hereinafter "Plaintiff"), by and through his undersigned attorney and for his cause of action against Defendant City of Lawrence, Kansas, alleges and states as follows:

**Parties**

1. Plaintiff is a citizen of the United States, residing in Tulsa County, Oklahoma and, at all times pertinent to this Complaint for Damages, was an "employee" within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA").

2. Defendant City of Lawrence, Kansas is, and at all times pertinent to this Complaint for Damages, was an "employer" within the meaning of the ADA.

**Jurisdiction and Venue**

3. This is an employment discrimination and retaliation lawsuit based upon and arising under the ADA.

4. All the unlawful acts and practices set forth below were committed within Douglas County, Kansas.

5.Jurisdiction and venue are proper in the District of Kansas pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

**Administrative Procedures**

6.On or about July 11, 2019, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Kansas Human Rights Commission ("KHRC"), alleging discrimination due to sex. The Charge of Discrimination is attached hereto as Exhibit A and incorporated by reference as if fully set forth herein.

7.On or about June 7, 2018, Plaintiff timely filed a Charge of Discrimination (attached hereto as Exhibit A and incorporated by reference as if fully set forth herein) against Defendant dually with the Kansas Human Rights Commission ("KHRC) and the Equal Employment Opportunity Commission ("EEOC") on the basis of Plaintiff's disability, and for retaliation.

8.On or about February 6, 2020, the United States Department of Justice (DOJ) issued to Plaintiff Notice of Right to Sue (attached hereto as Exhibit B and incorporated by reference as if fully set forth herein).

9.The aforesaid Charge of Discrimination provided the KHRC and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of a KHRC or EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

10.Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action and it has been filed within the requisite statute of limitations.

**Background**

11. Plaintiff has a disability, Ulcerative Colitis.

12. Plaintiff's Ulcerative Colitis substantially limits his major life activities, including but not limited to working and self-care.

13. Plaintiff's Ulcerative Colitis substantially limits the operation of one or more of Plaintiff's major bodily functions, including, but not limited to, digestive, bowel, and gastrointestinal functions.

14. Defendant is a political subdivision of the state of Kansas and employed more than five hundred (500) employees.

15. Plaintiff was employed by Defendant from August of 2016 until he was terminated in March of 2018.

16. At the time of his termination, Plaintiff was a Utility Operator.

17. In May of 2017, Plaintiff was informed that he would need three surgeries to remove his entire colon for his medical condition.

18. Plaintiff let Defendant know about this and how long he would have to be out for each surgery.

19. In June of 2017, Plaintiff had his first surgery which caused him to use up all of his sick time.

20. Plaintiff was granted leave through July 31, 2017, at which time he became eligible for FMLA.

21. Plaintiff received his second surgery in August 2017.

22. Plaintiff received FMLA from August 1, 2017 until it was set to expire on October 24, 2017.

23. Plaintiff was granted leave until his return date on October 30, 2017.

24. On February 7, 2018, Plaintiff requested a leave of absence for his third surgery, to take place on February 15, 2018.

25. Plaintiff was required by Defendant to write a compelling statement about why he should not be terminated and Plaintiff wrote this statement, requesting eight weeks off for recovery.

26. Without any further discussion with Plaintiff, Plaintiff's request was denied and Plaintiff was terminated March 1, 2018.

27. Defendant alleged that the reasons for Plaintiff's termination were a disciplinary action from November 2017, because this time would allegedly fall during Defendant's busy season, and because Plaintiff allegedly lagged behind his coworkers due to his other absences.

28. However, Plaintiff had received a satisfactory performance review on or about December 24, 2017 and received a merit pay raise on or about January 12, 2018.

29. Defendant also knew in advance that Plaintiff would need three surgeries and had advance notice to plan accordingly.

30. Upon information and belief, the true reason for Plaintiff's termination was because of his disability and because of his request for a reasonable accommodation for his disability.

### **COUNT I - DISPARATE TREATMENT IN VIOLATION OF THE ADA**

31. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs.

32. Plaintiff was disabled, as defined by the ADA, at all relevant times herein and/or Defendant regarded Plaintiff as being disabled.

33. Specifically, Plaintiff suffers a medical condition which substantially limits his major life activities, including self-care, and working, as well as the operation of one or more of his major bodily functions, including digestive and bowel functions.. At all relevant times, including prior to Plaintiff's termination, Defendant was aware that Plaintiff had a record of having such impairment.

34. Plaintiff is a qualified individual as defined by the ADA, due to his disability and/or Defendant's perception that Plaintiff is disabled.

35. Plaintiff could perform the essential functions of his job duties with Defendant with or without reasonable accommodation.

36. Defendant unlawfully and intentionally discriminated against Plaintiff based on his disability and/or because they regarded him as disabled, and acted in bad faith by interfering with, recklessly disregarding, and denying his legal rights when they terminated Plaintiff's employment.

37. Defendant's conduct violated the ADA including by Defendant's harassment and termination of Plaintiff.

38. Plaintiff's disability and/or Defendant's perception that Plaintiff was disabled, was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

39. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

40. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

41. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

### COUNT II - RETALIATION IN VIOLATION OF THE ADA

42. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs.

43. Plaintiff is disabled and/or Defendant regarded him as being disabled, as defined by the ADA, at all relevant times herein.

44. Plaintiff is a member of a protected class because of his disability and/or because he was regarded as being disabled, and because he requested an accommodation.

45. Plaintiff complained of and/or openly opposed his discriminatory treatment.

46. Such opposition constituted protected activity under the ADA.

47. Plaintiff requested a reasonable accommodation for his disability, specifically, leave to receive his third surgery.

48. Plaintiff's request for a reasonable accommodation constituted protected activity under the ADA.

49. In retaliation for engaging in this protected activity Plaintiff was terminated by Defendant.

50. As a direct and proximate result of the Defendant's actions and/or omissions, Plaintiff has been deprived of income, including wages and benefit as well as other monetary and non-monetary benefits.

51. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

52. By failing to take prompt and effective remedial action, Defendant, in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## Demand for Jury Trial and Designation of Place of Trial

Plaintiff requests a trial by jury, in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully submitted,

 /s/ *Sarah C. Liesen*
Sarah C. Liesen,                KS #26988
EDELMAN, LIESEN & MYERS, L.L.P.
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Tel: (816) 301-4056
Fax: (816) 463-8449
sliesen@elmlawkc.com

**ATTORNEY FOR PLAINTIFF**